# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN LAMONTÉ QUALLS,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et. al.,<br><br>Defendants. | **Case No. 1:13-cv-00649-LJO-SMS**<br><br><br><br>(Doc. 27) |

In the second amended complaint in this employment rights action, Plaintiff Loren Lamonté Qualls, an African American, proceeding *pro se*, sets forth ten claims charging that Defendants racially discriminated against him in the course of his employment as a writing instructor at University of California—Merced and by terminating him in June 2011. He seeks declaratory and injunctive relief, reinstatement to his prior position, back and front pay and benefits, compensatory and punitive damages, fees, and costs. On March 25, 2014, Defendants Tom Hothem, Robert Oschner, University of California Regents, University of California—Merced, Sam Traina, Mark Yudof, and Anne Zanzucchi (collectively, "Defendants") filed a

motion to dismiss.[1]  Defendant's motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.

On April 3, 2014, the Magistrate Judge filed findings and recommendations, recommending that (1) the first cause of action, reciting general facts and an overview of applicable law, be dismissed as redundant, with leave to amend; (2) the third cause of action, negligent infliction of emotional distress be dismissed without leave to amend, but without prejudice;[2] (3) the fifth cause of action, claiming discrimination in violation of 42 U.S.C. § 1983 against Defendants Oschner, Hothem, and Zanzucchi, be allowed to proceed as stating a cognizable claim;[3] (4) the sixth cause of action, claiming discrimination in violation of 42 U.S.C. § 1985 against Defendants Oschner, Hothem, and Zanzucchi, be dismissed with leave to amend; (5) the seventh cause of action, claiming discrimination in violation of 42 U.S.C. § 1986 against Defendants Yudof, Kang, and Traina, be dismissed with leave to amend; (6) the eighth cause of action, claiming discrimination in violation of 42 U.S.C. § 1981 against Defendants Oschner, Hothem, and Zanzucchi, be dismissed with leave to amend; (7) the ninth cause of action, claiming racial discrimination in violation of Title VII of the Civil Rights Act of 1964, be allowed to proceed as cognizable; (8) the tenth cause of action, claiming discrimination in violation of the California Fair Employment and Housing Act (FEHA) against Defendants Oschner, Hothem, and Zanzucchi, be dismissed with leave to amend; and (9) the claim for punitive damages be stricken.

The findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be served within fourteen (14) days.  Defendants filed objections to the findings and recommendations on April 14, 2014.

---

[1] Defendant Steve Kang has not been served in this action.

[2] The Court previously dismissed as the second cause of action, intentional infliction of emotional distress, without prejudice but without leave to amend, for failure to state a claim.  Doc. 11 at 6.

[3] Defendants did not move to dismiss the fourth cause of action, a state law claim of defamation against Defendants Oschner, Hothem, and Zanzucchi.

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court adopts the findings and recommendations in part, and rejects the findings and recommendations in part.

**1.    First Cause of Action**

The statement of facts in the second amended complaint does no more than identify the laws under which Plaintiff will make his claims and the individual and entities named as parties to the lawsuit. As a result, the first cause of action functions as a more specific statement of facts, explaining the occurrences on which the subsequent claims are based. The Magistrate Judge correctly noted that the first cause of action is redundant in that it addresses the subsequent claims and recommended that it be dismissed with leave to amend. Following a careful review of the second amended complaint, the Court concludes that the first cause of action is not a separate claim at all.

Dismissing the first cause of action with leave to amend creates the possibility that in attempting to amend the claim, Plaintiff, an inexperienced *pro se* litigator, will modify or eliminate factual allegations needed to support the elements of the subsequent causes of action. Such an outcome would unnecessarily impose additional costs on both parties and the court in addition to putting Plaintiff's cognizable claims in jeopardy. Accordingly, the Court declines to dismiss the first cause of action with leave to amend. Instead, the Court strikes the heading of this section ("First Cause of Action (Unlawful Discrimination Based on Race and Ethnicity Against All Defendants and Does 1-10)") and deems its contents subsumed into the statement of facts. To the extent that any language within the former first cause of action may be interpreted as stating a claim redundant to the enumerated claims that follow, that language shall be deemed part of the enumerated claims.

///

**2.     Third Cause of Action**

The third cause of action alleges negligent infliction of emotional distress against the individual defendants and Does 1-10.  The Magistrate Judge recommended that, since no evidence in the second amended complaint supported a conclusion that Defendant Yudof, "who oversaw the entire UC system between 2008 and 2013," had any involvement in decisions relating to Plaintiff employment,  this cause of action be dismissed against Defendant Yudof, with leave to amend.  This Court disagrees with the limited nature of the findings and recommendations, and dismisses the third cause of action in its entirety.

First, the second amended complaint does not allege that Plaintiff filed notice under the California Tort Claims Act (California Government Code § 945, *et seq.*).  In California, as a condition precedent to filing tort claims against government entities, officials, or employees, a plaintiff must comply with the notice provisions of the Act which require the timely presentation of a written claim.  A plaintiff may not pursue a tort claim against such defendants in a civil action without alleging his or her compliance with the notice requirements.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff also fails to allege the necessary substantive elements.  "Negligent infliction of emotional distress, which is simply the tort of negligence, contains the traditional elements of duty, breach of duty, causation and damages." *Jacoves v. United Merch. Corp.*, 9 Cal.App.4th 88, 107 (1992).  "[T]o recover damages for emotional distress on a claim of negligence where there is no accompanying personal, physical injury, the plaintiff must show that the emotional distress was 'serious.'" *Wong v. Tai Jing*, 189 Cal.App.4th 1354, 1377 (2010).

Severe distress is emotional distress that is "of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id. See, e.g., Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (holding that

4

allegations of anxiety, sleeplessness, upset stomach, and occasional muscle twitches were not sufficient to establish severe emotional distress); *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009) (allegations of discomfort, worry, anxiety, upset stomach, concern, and agitation insufficient); *Wong*, 189 Cal.App.4th at 1376 (allegations of emotional upset, lost sleep, stomach upset, and general anxiety insufficient); *Saari v. Jongordon Corp.*, 5 Cal.App.4th 797, 806-07 (1992) (complete disruption of life and diagnosis of depression sufficient); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal.App.4th 397, 410 (1994) (anxiety, chest tightness, heart palpitations, panic attacks, depression, insomnia, and diagnosis of post-traumatic stress disorder sufficient); *Bass v. City of Fremont*, 2013 WL 891090 at * 7 (N.D.Cal. March 8, 2013) (No. C12-4943 THE) (allegations of severe emotional and mental stress, fear, terror, anxiety, humiliation, embarrassment, anger, indignity, loss of freedom, and sense of helplessness insufficient).  In this case, the complaint fails to allege specific facts describing the emotional distress that Plaintiff experienced when he was racially harassed or when his contract was not renewed, merely reciting that Plaintiff suffered humiliation and physical and emotional distress.

Conclusory allegations that a plaintiff suffered severe emotional distress are insufficient to state a claim. *See Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1191-92 (S.D.Cal. 2010).  To be cognizable, the complaint must include factual allegations describing the nature of the severe emotional distress that the plaintiff is alleged to have experienced. *Harvey G. Ottovich Revocable Living Trust Dated May 12, 2006 v. Washington Mutual, Inc.*, 2010 WL 3769459 at *6 (N.D.Cal. September 22, 2010) (No. C 10-02843 WHA).  Because the second amended complaint fails to do so, the third cause of action must be dismissed for failure to state a claim.

The Court grants Plaintiff leave to more fully allege the nature of his severe emotional stress.  In the absence of factual allegations sufficient to support a claim of severe distress or of compliance with the California Tort Claims Act or both, claim 3 cannot proceed.

5

3. **Fourth Cause of Action**

Having recognized Plaintiff's failure to plead compliance with the California Tort Claims Act, the Court must correct a prior error. Defamation is a state law tort claim. Because the second amended complaint fails to allege compliance with the California Tort Claims Act, the fourth cause of action fails to state a cognizable claim of defamation. Accordingly, on its own motion, the Court must correct its earlier error and dismiss the fourth cause of action for failure to state a claim. Assuming that Plaintiff complied with the Act, the Court grants him leave to amend the complaint to allege such compliance, at which time the fourth cause of action will be cognizable.

4. **Fifth Cause of Action**

In the fifth cause of action, Plaintiff alleges that Defendants Oschner, Hothem, Zanzucchi, and Does 1-5, denied him equal protection when, in considering whether Plaintiff should be re-appointed for a fourth year as an instructor, they failed to follow procedures for assessment and evaluation set forth in the memorandum of understanding. Defendants contend that the claim 5 is barred by the statute of limitations.

The statute of limitations for a § 1983 claim is determined by the statute of limitations for personal injury actions in the forum state. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004), *cert. denied*, 546 U.S. 820 (2005). In California, the statute of limitations for personal injury claims is two years. California Code of Civil Procedure § 335.1. A claim accrues under federal law when the plaintiff knows or has reason to know of the injury that is the basis for the action. *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004), *cert. denied*, 544 U.S. 968 (2005).

Plaintiff named Oschner as a defendant in the first amended complaint, filed July 31, 2013. This means that any claim against Oschner that accrued before July 31, 2011, is barred. *See Maldonado*, 370 F.3d at 955. Hothem and Zanzucchi were not added as defendants until the

second amended complaint, filed October 7, 2013.[4]  Thus, any claim against Hothem or Zanzucchi that arose before October 7, 2011, is barred by the statute of limitations.  *Id.*

On May 31, 2011, Oschner notified Plaintiff that his contract was to be terminated June 30, 2011, more than two years earlier than suit was brought against Oschner, Hothem, and Zanzucchi.  Since the determination of whether to re-appoint Plaintiff had to have been made before the date his employment ended, the fifth cause of action is barred by the statute of limitations.

The second amended complaint also alleges that Plaintiff e-mailed Oschner on or about August 27, 2011, requesting review of the decision to not reappoint him.  Oschner did not respond.  The Magistrate Judge found that Defendants' failure to follow the grievance procedure set forth in the memorandum of understanding constituted a separate violation of § 1983 that was not barred by the statute of limitations and recommend that the Court deny Defendants' motion to dismiss the fifth cause of action.  Her finding and recommendation was clearly erroneous with regard to Hothem and Zanzucchi, against whom no action was filed for more than two years thereafter.

Although the statute of limitations does not bar the fifth cause of action against Oschner, the Court cannot permit that claim to proceed in the absence of factual allegations sufficient to sustain recovery based on Oschner's failure to follow the grievance process.  The second amended complaint alleges nothing more than the bare facts that Plaintiff e-mailed Oschner to request review and that Oschner did not respond.  In the absence of factual allegations setting forth the provisions of the grievance process provided in the memorandum of understanding, Plaintiff's

///

---

[4] The magistrate judge erroneously found that Hothem and Zanzucchi were named in the first amended complaint.  They were not.

7

compliance with its provisions, and Oschner's responsibilities under the memorandum, the Court cannot conclude that Plaintiff has alleged a cognizable claim.

The Court dismisses the Fifth Cause of Action with regard to Hothem and Zanzucchi without leave to amend. The Court dismisses the Fifth Cause of Action with regard to Oschner, with leave to amend the complaint to fully set forth the factual basis for the claim that Oschner did not comply with the grievance procedure set forth in the memorandum of understanding.

**5.      Sixth Cause of Action**

In the sixth cause of action, Plaintiff alleges that Oschner, Hothem, Zanzucchi, and Does 1-10 conspired to deprive Plaintiff of equal protection of law in violation of 42 U.S.C. § 1985. Defendants move to dismiss this claim as barred by the statute of limitations. The Court concludes that, even if this claim were not barred by the statute of limitations, its conclusory allegations are insufficient to state a cognizable claim.

Proving a violation of § 1985 requires proof of four elements: (1) a conspiracy (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance of this conspiracy (4) whereby a person is either injured on his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters and Joiners of Amer., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). To prove the second element, a plaintiff must establish that the defendant deprived him of his rights based on racial or other class based animus. *Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971).

A claim of conspiracy under § 1985 "must allege facts to support the allegation that the defendants conspired together." *Karim-Panahi*, 839 F.2d at 626. "A mere allegation of conspiracy without factual specificity is insufficient." *Id.* The second amended complaint

includes no specific factual allegations to support the claim, only a conclusory allegation of conspiracy.

In any event, any claim against Oschner that accrued before July 31, 2011, and any claim against Hothem or Zanzucchi that arose before October 7, 2011, is barred by the statute of limitations. Plaintiff was notified that his contract would not be renewed in May 2011 and his contract actually ended June 30, 2011: any conspiracy to violate his right of equal protection in evaluation and reappointment under the memorandum of understanding had to have occurred before Plaintiff's termination was complete.

Claim six is dismissed without leave to amend.

**6.      Seventh Cause of Action**

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Karim-Panahi*, 839 F.2d at 626. The second amended complaint alleges that Defendants Yudof, Kang, and Traina violated 42 U.S.C. § 1986. Since Kang has not been served in this action, only Defendants Yudof and Traina move for dismissal of claim 7.

The Magistrate Judge addressed the claim only with regard to Defendant Yudof, stating that "Plaintiff has not asserted any facts showing that the person who held the highest position at the University of California had actual knowledge of, or was even aware of, a decision not to reappoint a lecturer on the UC Merced campus, much less of any conspiracy." The Court agrees but finds no such factual allegations about Defendant Traina either.

In any event, a claim under § 1986 is subject to the same two-year statute of limitations as § 1983 claims. *See Stafford v. Owyhee Village Inc.*, 457 Fed.Appx. 666, 667 (9th Cir. 2011). Since Defendants Yudof and Traina were not named as defendants until the first amended complaint, filed July 31, 2013, any violation of § 1986 that occurred before that date is barred.

9


Plaintiff was notified that his contract would not be renewed in May 2011 and his contract actually ended June 30, 2011: any action to prevent a conspiracy to violate his right of equal protection in evaluation and reappointment under the memorandum of understanding had to have occurred before Plaintiff's termination was complete.

Claim 7 is dismissed without leave to amend.

**7.     Eighth Cause of Action**

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . . as is enjoyed by white citizens." A § 1981 employment discrimination claim is analyzed under the same legal principles as a Title VII discrimination case. *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007), *cert. dismissed*, 553 U.S. 1049 (2008). Section 1981 is subject to a two-year statute of limitations. *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008), *cert. denied*, 556 U.S. 1183 (2009).

The second amended complaint alleges that Oschner, Hothem, Zanzucchi, and Does 1-10 violated § 1981. Any claim against Oschner that accrued before July 31, 2011, and any claim against Hothem or Zanzucchi that arose before October 7, 2011, is barred by the statute of limitations.   Since any employment discrimination against Plaintiff had to have occurred before Plaintiff's contract was terminated on June 30, 2011, claim 8 is barred.

Claim 8 is dismissed without leave to amend.

**8.     Ninth Cause of Action**

The Court agrees with the Magistrate Judge's assessment that this claim is cognizable. Accordingly, the Court does not grant leave to amend claim 9.

///

///

**9.      Tenth Cause of Action**

Claim 10 alleges that Oschner, Hothem, Zanzucchi, and Does 6-10 violated provisions of FEHA. The Magistrate Judge properly determined that although individual defendants cannot be liable under FEHA for discriminatory personnel management decisions later held to be discriminatory, they can be liable for harassment. Since the second amended complaint failed to set forth factual allegations that would support harassment claims against Oschner, Hothem, and Zanzucchi, the Magistrate Judge recommended that claim 10 be dismissed with leave to amend the claim to tie each of Plaintiff's allegations of harassment to one or more specific defendants. The Court adopts the recommendation.

**10.      Punitive Damages**

The Court adopts the Magistrate Judge's recommendation that Plaintiff's claim for punitive damages be stricken without leave to amend.

**11.      Defendant Yudof**

Defendant Mark Yudof is the President Emeritus of the University of California. In their objections to the findings and recommendations, Defendants note that since Plaintiff claims no damages against Defendant Yudof, the three claims against him should be dismissed without leave to amend.

Yudof is a named defendant in counts 1, 3, and 7. Since this Court has re-characterized claim one to recognize its function as an extension of the statement of facts, claim 1 functions solely to identify Defendant Yudof. In paragraph 4, Plaintiff concedes that he names Defendant Yudof only because Plaintiff believes that Yudoff, as chief administrative officer of the Regents, is a necessary party. Plaintiff adds that he seeks no damages from Yudoff individually.

Plaintiff alleges no facts tying Yudoff claim 3 or 7. The Court has dismissed both claim 3 and claim 7, but has granted Plaintiff leave to amend each of those claims to allege facts

11

supporting the claim. Although Defendants' assumption that Defendant Yudoff had no personal involvement in either of those claims may well be correct, the Court declines to join in their assumption until Plaintiff has had the opportunity to amend the second amended complaint by presenting facts sufficient to support his conclusory claims.

**12.     Conclusion and Order**

Based on its review of the record as a whole and applicable law, the Court adopts the findings and recommendations in part, rejects the findings and recommendations in part, and ORDERS:

1.      The "First Cause of Action" is deemed to be part of the statement of facts. The section heading ('<u>First Cause of Action</u> (Unlawful Discrimination Based on Race and Ethnicity Against All Defendants and Does 1-10)") is stricken. To the extent that any language within the former first cause of action may be interpreted as stating a claim redundant to the enumerated claims that follow, that language shall be deemed to be part of the enumerated claim.

2.      The third cause of action is dismissed with leave to amend the claim to allege specific factual allegations sufficient to support a claim of severe distress and to amend the complaint to allege compliance with the California Tort Claims Act.

3.      The fourth cause of action is dismissed with leave to amend the complaint to allege compliance with the California Tort Claims Act.

4.      The fifth cause of action is dismissed as to Hothem and Zanzucchi without leave to amend. The fifth cause of action is dismissed with regard to Oschner with leave to amend the complaint to fully set forth factual allegations supporting the claim that Oschner did not comply with the grievance procedure provided by the memorandum of understanding.

5.      The sixth cause of action is dismissed without leave to amend.

6. The seventh cause of action is dismissed without leave to amend.

7. The eighth cause of action is dismissed without leave to amend.

8. The ninth cause of action is cognizable. The Court denies leave to amend count 9.

9. The tenth cause of action is dismissed with leave to amend the claim to tie each of Plaintiff's allegations of harassment to one or more of the individual defendants named in this claim (Oschner, Hothem, Zanzucchi, and Does 6-10).

10. The claim for punitive damages is stricken without leave to amend.

11. Defendants' request for dismissal all claims against Defendant Mark Yudof is denied, subject to Plaintiff's right to amend claims 3 and 7.

12. In the event that Plaintiff elects to amend the second amended complaint as this order permits him to do, the third amended complaint shall be filed with the Clerk of Court on or before May 23, 2014.

**SO ORDERED**
**Dated: April 23, 2014**

                                                    **/s/ Lawrence J. O'Neill**
                                                    **United States District Judge**