# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN LAMONTÉ QUALLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 1:13-CV-00649-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO FILE ELECTRONICALLY<br><br><br><br>(Doc. 43) |

　　　　Plaintiff Lauren Lamonté Qualls, proceeding *pro se*, requests permission to file court documents using the Court's electronic case filing system (CM/ECF). Plaintiff seeks economy of funds and time.

　　　　"Pro se parties are exempted from the requirement of filing documents electronically. Pro se parties must file documents conventionally, and any person appearing pro se may use electronic filing only with the permission of the assigned judge." Local R. 183(c). "The local rules exempt pro se parties from electronic filing for good reason." *Holland v. TD Ameritrade, Inc.*, 2010 WL 5233013 at *1 (E.D. Cal. December 16, 2010) (No. 2:10-cv-2110-GEB-CMK). The Court's decision to limit *pro se* litigants to filing in paper reflects the logistical problems of ensuring that the litigant has both the necessary skills and technically appropriate equipment and software to meet the system's requirements. *Rojas-Vega v. U.S. Citizenship Immigration Service*, 2013 WL 2417937 at *3 (S.D. Cal. May 31, 2013) (No. 13-cv-172-LAB). The Southern District denied Rojas-Vega's request to file electronically since his description of his equipment and software was inadequate to allow the Court to determine whether the system was compatible with CM/ECF. *Id. Cf., Meyer v. Khoury*, 2012 WL 3877646 at *5 (N.D. Cal. September 6, 2012) (No. C 12-00734 WHA) (permitting Meyer to return to paper filing after she found electronic filing too difficult and expensive for a *pro se* litigant). Plaintiff in this case appears not to have contemplated the question of the need for compatible hardware and software.

1

In addition to the practical requirements of sufficient technical skills and compatible equipment, the policy of requiring *pro se* litigants to file in paper is "to ensure that *pro se* documents are properly filed." *Hale v. Vacaville Housing Auth.*, 2009 WL 1381761 at *3 (E.D.Cal. May 13, 2009). The Court "require[s] pro se litigants to submit documents in paper form so that the Clerk's office can insure that the documents are properly filed." *Baker v. IC System, Inc.*, 2008 WL 4186166 at *1 (D.Ariz. September 9, 2008) (No. CV-08-8091-PCT-DGC). For example, a *pro se* litigant may be unaware of the impropriety of posting informal letters to the docket. *Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643 at *2 (N.D.Cal. October 31, 2008) (No. C 07-3884 PJH). In the course of filing and scanning the paper documents submitted by *pro se* litigants, personnel in the Clerk's office review the document's procedural sufficiency and propriety. Such screening is essential to the efficient and fair operation of a court with the extraordinary case load and limited budgetary resources of the Eastern District of California. The motion here includes no indication that Plaintiff is familiar with appropriate practices and procedures for electronic filing, or even that he has reviewed the information regarding electronic filing that is set forth on the Court's website. The Court is particularly concerned that the Plaintiff appears to perceive a need to file evidence since evidence typically is not filed but is simply exchanged with the other parties in the process of discovery.

Accordingly, the Court will DENY Plaintiff's motion for permission to file electronically without prejudice to Petitioner's filing a subsequent request addressing the concerns expressed in this order.

IT IS SO ORDERED.

Dated: **September 29, 2014**       **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE