# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN L. QUALLS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>REGENTS, UNIVERSITY OF CALIFORNIA, UNIVERSITY OF CALIFORNIA-MERCED, SCHOOL OF HUMANITIES, MERRITT WRITING PROGRAM,<br><br>　　　　　　Defendants. | Case No. 1:13-CV-000649-LJO-SMS<br><br>MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.<br><br><br>(Doc. 49) |

Before the Court in the above-styled and numbered cause of action is *pro se* Plaintiff Loren L. Qualls's ("Plaintiff," or "Qualls") "Declaration of Loren LaMonte Qualls, *Pro* Se, Requesting Continuance of Hearing to Provide Additional Time to Respond to Defendants' ("the University") Motion for Summary Judgment," filed July 16, 2015 (Doc. 49). The Court construes Plaintiff's July 16, 2015 request as a motion to extend time to respond to Defendants' summary judgment motion. Defendants filed a response in opposition on July 21, 2015 (Doc 50), and Plaintiff filed another "Declaration" in support of his request on July 22, 2015 (Doc. 51). The Court finds the matter appropriate for resolution without oral argument. *See* Local Rule 230(g).  Having considered the instant record, the parties' briefing, and the relevant law, the Court will deny Plaintiff's motion.

**PROCEDURAL HISTORY**

The instant matter stems from an employment discrimination case based on Plaintiff's termination from his employment at the University. *See generally* Complaint (Doc. 1).

The Magistrate Judge's Scheduling Order (Doc. 42) rendered September 4, 2014, sets forth the following relevant deadlines: Discovery due by July 24, 2015; Non-Dispositive Motions filed by August 7, 2015; Dispositive Motions filed by August 28, 2015; Pretrial Conference set for October 27, 2015 at 08:30 a.m. in Courtroom 4 before the undersigned district judge; Jury Trial set for December 8, 2015 at 08:30 a.m. in Courtroom 4 before the undersigned district judge. The Magistrate Judge recently vacated the settlement conference date pending resolution of the motion for summary judgment.

Defendants filed a motion for summary judgment on June 26, 2015 (Doc. 46). As the hearing on the motion is set for July 30, 2015, the deadline for Plaintiff to file an Opposition was July 16, 2015. On July 16, 2015, Plaintiff filed a motion requesting a continuance for the hearing on Defendants' motion for summary judgment and an extension of time in which to file his opposition (Doc. 49). This matter is now ripe for review.

**BACKGROUND**

Defendants took Plaintiff's deposition on March 24, 2015. On or about April 20, 2015, Plaintiff received notification that his deposition transcript was available for review. Although an appointment for Plaintiff to review the transcript was available as early as May 8, 2015, as a result of both parties' scheduling conflicts, delays occurred. Instead, Plaintiff received a digital copy of the deposition for his review on or about May 11, 2015.

Plaintiff indicates that he contacted Defendants about a month later, on June 9, 2015, to request exhibits which he noticed were missing from his deposition transcript. In response, Defendants emailed Plaintiff electronic copies of the requested documents that same day. On June 14, 2015, Plaintiff signed a copy of his corrected deposition and sent it to Defendants.

On June 24, 2015, Plaintiff propounded a second set of requests for admissions and interrogatories to Defendants, to which Defendants have not yet responded.

//

**LEGAL STANDARD**

    **A.**  **Extension of Time to File Opposition to Motion for Summary Judgment**

An "extension of a time limitation must be for good cause shown." *Hill v. England,* No. 03-cv-6903-LJO, 2007 WL 3132930, at *2 (E.D.Cal. Oct.23, 2007) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 896 (1990)). "[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any postdeadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan,* 497 U.S. at 896; *see McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1387 (11th Cir. 1981) (citing Fed.R.Civ.P. 6(b)(2)). Excusable neglect under Rule 6(b)(2) requires "a demonstration of good faith by the parties seeking the enlargement ... [and] a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.,* 493 F.2d 1288, 1290 (10th Cir. 1974).

Whether "excusable neglect" has been established is determined by balancing four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews,* 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). For example, "[a] solo practitioner's 'busy practice' and preparation of other cases does not establish excusable neglect under [Rule 6(b)(2)]." *Hill,* 2007 WL 3132930, at *2; (citing *McLaughlin,* 662 F.2d at 1387). Rather, "excusable neglect includes 'situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Marx v. Loral Corp.,* 87 F.3d 1049, 1054 (9th Cir. 1996) (quoting *Pioneer,* 507 U.S. at 394). "In the end, this is a decision committed to the discretion of the district court." *In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 974 (9th Cir. 2007).

    **B.**  **Continuance**

A court may issue an order granting a continuance of a hearing on a motion for summary judgment where the party opposing the motion demonstrates in a declaration that he cannot present facts essential to his opposition of the motion. Fed. R. Civ. P. 56(d). The declaration must set forth

"specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Id.*; *Tatum v. County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

## DISCUSSION

Plaintiff asserts that his request for a continuance for the hearing and an extension of time to file an opposition to Defendants' summary judgment motion meets his burden under Rule 56, and also implicitly argues that it is supported by good cause or excusable neglect, for two reasons.

### I. Whether Delayed Receipt of Plaintiff's Own Deposition Transcript Warrants an Extension

First, Plaintiff asserts that Defendants' failure to timely provide his deposition transcript precluded him from including necessary facts to support his opposition to the summary judgment motion. Plaintiff asserts that not until June 9, 2015 did he receive a full copy of his transcript including exhibits. He argues that he required these materials, in their entirety, to produce an opposition to Defendants' summary judgment motion. He also argues that he had an abbreviated period in which to file his opposition because did not receive a copy of Defendants' summary judgment motion until July 8, 2015.

Defendants counter that Plaintiff fails to explain how his failure to complete a timely review of his deposition transcript demonstrates good cause for a continuance under Rule 56(d).

The Court agrees that Plaintiff's argument that the delay concerning exhibits attached to his uncorrected deposition precluded him from presenting facts essential to justify his opposition in a timely manner is unavailing. Even if the transcript was delayed as Plaintiff describes, Plaintiff does not articulate any specific facts denied him that would preclude his preparing an opposition to Defendants' motion for summary judgment. This may be because he cannot. The facts Plaintiff argues Defendants kept from him are his own: the deposition at issue is Plaintiff's. In addition, notwithstanding any missing exhibits, Plaintiff concedes he had his deposition transcript as early as May 11, 2015. Between May 11, 2015 and the due date for his opposition to Defendants' motion two months later on July 16, 2015, the Court finds that Plaintiff had ample time to review the deposition. That Plaintiff waited until the opposition filing deadline to move for an extension further undercuts his argument that he proceeded in good faith, when he claims that his delay stems

4

from previous delays he knew about in early June. Plaintiff further argues that somehow he did not receive a copy of Defendants' summary judgment motion until July 8, 2015, leaving him only one week to respond to the motion. However, he does not dispute that Defendants mailed it on June 26, 2015, and is silent about why he did not receive the mail for another twelve days. Whatever the cause, these cannot be imputed to Defendants, as service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C) (service is made by "mailing it to the person's last known address--in which event service is complete upon mailing," which occurs at the point the documents are deposited at a post office or placed in a mailbox, not when it is received).

Under the *Pioneer* four-factor test, the Court finds that Plaintiff fails to demonstrate that good cause exists or that his failure to meet the deadline was as a result of excusable neglect. *Pincay,* 389 F.3d at 855. First, Plaintiff's proposed extension and continuance is lengthy, more than a month (from July 30 to August 28, 2015). Asking the nonmoving party on the deadline to accommodate the opposing parties' scheduling whims is prejudicial. Second, the Court finds the length of the requested continuance unreasonably long. Granting Plaintiff's request would result in a new filing deadline of August 14, 2015, or approximately a month after the original July 16 opposition deadline. Not only is a month's delay prejudicial to the nonmoving party, it negatively impacts the Court's docket by condensing the window in which the Court – and the parties – have to prepare for a fast-approaching October pretrial conference and December trial. Third, the Court has concluded that Plaintiff's argument is based on an unwarranted assumption (being deprived of his own deposition does not preclude his filing an opposition because he has not actually been deprived of specific material facts), therefore, on the third element Plaintiff cannot make a showing that he was not in reasonable control of the delay. Finally, the timing of Plaintiff's additional discovery requests tends to support Defendants' argument that Plaintiff is not proceeding in good faith because, by late June, the July 16 opposition deadline was looming. In other words, that Plaintiff made such late-breaking discovery requests, ones that are apparently duplicative, and because he fails to make a showing that these are meaningfully connected to material facts essential to his opposition, it is a reasonable conclusion that he did so strategically, to validate his request for an extension and continuance. This weighs against Plaintiff's argument.

Balancing the four factors, the Court concludes that Plaintiff fails to demonstrate that good cause or any excusable neglect exists to warrant an extension. Absence of an acceptable explanation for failure to act warrants denial of Rule 6(b) relief.

## II. Whether Outstanding Discovery Requests Warrant a Continuance

Second, Plaintiff contends that he has good cause for a continuance because some of his propounded discovery requests to Defendants remain outstanding.

Defendants rightly emphasize that Plaintiff does not meet his burden to connect these discovery requests to any specific material facts which the requested discovery may reveal. The Court also finds that Plaintiff is silent on how any specific fact would preclude summary judgment. As such, the Court concludes that the motion for a continuance fails. Fed. R. Civ. P. 56(d); *Tatum*, 441 F.3d at 1100.

## III. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for extension of time to file an opposition to Defendants' summary judgment motion (Doc. 49) is **DENIED**. Plaintiff also fails to make a sufficient showing under Rule 56(d), therefore, Plaintiff's request for a continuance on the hearing for Defendants' summary judgment motion is **DENIED**.

Because the Court has reviewed preliminarily the motion for summary judgment and finds the matter suitable for decision on the papers pursuant to Local Rule 230(g), the hearing on the motion for summary judgment, currently set for July 30, 2015, is **VACATED**.

IT IS SO ORDERED.

Dated:   **July 24, 2015**          /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE