**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LOREN L. QUALLS,** | 1:13-cv-00649-LJO-SMS |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION** (Doc. 58-1) |
| v. | |
| **REGENTS OF THE UNIVERSITY OF CALIFORNIA** *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Loren L. Qualls ("Plaintiff") brings this pro se employment discrimination lawsuit against the Regents of the University of California ("the Regents"). (Docs. 1, 10). Plaintiff was employed as a writing instructor with the University of California, Merced's Merritt Writing Program ("MWP") from January 2008 through June 2011. In May 2011, Plaintiff was notified, along with ten other lecturers, that he would not be re-appointed for the following academic year because of a budget shortfall. In July 2011, after the budget problem was resolved, eight of the eleven lecturers were re-appointed, but Plaintiff and two others were not.

The Regents and originally-named Defendants Robert Ochsner, Tom Hothem, and Anne Zanzucchi (collectively, "Defendants") moved for summary judgment on June 26, 2015. (Doc. 46). On July 16, 2015, Plaintiff filed a document that the Court construed as a Fed. R. Civ. Pro. 56(d) motion to extend time to respond to Defendants' summary judgment motion. (Doc. 49). Citing Plaintiff's unreasonable delays and his failure to demonstrate good cause or any excusable neglect that would

1

warrant extension, the Court denied Plaintiff's motion for extension of time on July 24, 2015. (Doc. 52). Thus, Plaintiff failed to file an opposition to Defendants' summary judgment motion. (*See id.*).

In a September 23, 2015 Memorandum Decision and Order ("September 23, 2015 Order"), this Court granted in part and denied in part Defendants' motion for summary judgment, leaving in the case only Plaintiff's claims of racial discrimination under Title VII of the Civil Rights of 1964 (42 U.S.C. § 2000e et seq.) ("Title VII") against the Regents.[1] (Doc. 55). On October 9, 2015, the Regents moved for reconsideration of the September 23, 2015 Order. (Doc. 58-1). In light of the need for sufficient time to adjudicate the Regents' motion for reconsideration and to allow Plaintiff the opportunity to respond to this motion, the Court vacated the settlement conference, the pretrial conference, and the trial dates. Plaintiff did not submit a timely opposition to the Regents' motion for reconsideration.[2] Pursuant to Local Rule 230(g), the Court finds this motion is appropriate for resolution without oral argument.

For the following reasons, the Court will GRANT in part and DENY in part the Regents' motion for reconsideration.[3] Specifically, the Court GRANTS the motion with regard to summary judgment on Plaintiff's Title VII race discrimination claim but DENIES the motion insofar as it seeks to dispose of Plaintiff's hostile work environment claim. The Court will re-open the dispositive motion period to permit the Regents to file an appropriate motion with regard to Plaintiff's hostile work environment claim.

//

---

[1] The Court inadvertently concluded in the September 23, 2015 Order that the Title VII claim remains pending against all Defendants, which would include the Regents, as well as Defendants Ochsner, Hothem, and Zanzucchi. Title VII claims cannot be maintained against individuals. *Miller v. Maxwell's Intern. Inc*., 991 F.2d 583, 587-88 (9th Cir. 1993); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982). Accordingly, because the September 23, 2015 Order disposed of all but the Title VII claims, the only remaining Defendants are the Regents.

[2] Because the Regents' motion for reconsideration was set for a hearing on November 12, 2015, the deadline for Plaintiff to file an opposition to this motion was October 29, 2015. Local Rule 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."). To date, Plaintiff has not filed any opposition to this motion.

[3] Although this case was transferred on September 16, 2015 to Visiting Judge Dana L. Christensen for purposes of conducting trial, the undersigned retained jurisdiction to adjudicate the Regents' motion for summary judgment and their subsequent motion for reconsideration. (*See* Doc. 53 (designating Judge Christensen for the "specific purpose of conducting the trial and any trial related matters")).

## II. MOTION FOR RECONSIDERATION STANDARD

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation."  *Id*.  Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  *United States v. Westlands Water Dist*., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation omitted).  Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court.  *Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

In their motion for reconsideration, the Regents argue that the Court committed error in its September 23, 2015 Order with regard to (1) finding that Plaintiff had established a prima facie case of discrimination under *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802 (1973); (2) holding the Regents to a burden of persuasion rather than a burden of production in setting forth a legitimate non-

3

discriminatory reason for not reappointing Plaintiff; and (3) failing to consider the "same actor" inference, which applies where "the same actor is responsible for both the hiring and the firing of a discrimination plaintiff and both actions occur within a short period of time," and which requires Plaintiff to make an "extraordinarily strong" showing of discriminatory intent to demonstrate pretext. (Doc. 58-1, at 8-12 (citing *Coghlan v. Am. Seafoods Co. LLC*., 413 F.3d 1090, 1096 (9th Cir. 2005)).

      The Regents argue that the September 23, 2015 Order's analysis of Plaintiff's prima facie showing was clearly erroneous because the Court examined Defendants' evidence to determine whether there were disputes of fact as to the elements of a prima facie case, an issue on which Plaintiff bears the ultimate burden of proof. (Doc. 58-1 at 6.) Their motion argues that the Court should have instead examined whether <u>Plaintiff</u> had produced evidence of a prima facie case under *McDonnell Douglas*. (*Id.*). The Regents' argument raises complex issues related to the interplay of the summary judgment standard and *McDonnell Douglas*.[4] While the September 23, 2015 Order may have oversimplified the burden-shifting framework, the Court is not convinced that the Regents' view of the law on this issue is correct. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000) (indicating that if a party without the ultimate burden of persuasion at trial moves for summary judgment, but cannot meet its initial burden of persuading the court that there is no genuine issue of material fact, the nonmoving party "has no obligation to produce anything" to defeat summary judgment). However, it is not necessary to delve into this nuanced matter because the Regents' alternative argument regarding the same actor inference provides an independent, dispositive ground for reconsideration. Accordingly, for purposes of this analysis, the Court will assume that Plaintiff has established his prima facie case.

---

[4] Under *McDonnell Douglas*, Plaintiff bears the initial burden of establishing a prima facie case by showing that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004). If Plaintiff makes this showing, the burden shifts to the Regents to articulate a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the Regents meet this burden, the burden returns to Plaintiff to demonstrate that the Regents' proffered explanation is pretextual. *Coghlan*, 413 F.3d at 1094-96.

4

The Court cannot proceed to analyze pretext without first determining whether the Regents have articulated a legitimate, non-discriminatory reason for not reappointing Plaintiff. *See Coghlan*, 413 F.3d at 1094. In the September 23, 2015 Order, the Court found Defendants had "submitted voluminous amounts of evidence that, if believed by the trier of fact, would tend to show that Plaintiff performed his job poorly." (Doc. 55 at 15). However, the Court also examined a letter of recommendation (submitted by Defendants as part of their motion for summary judgment, likely in anticipation of Plaintiff's citing to it) written by Ochsner, Plaintiff's former immediate supervisor. (*Id*. at 16-17). Among other things, the letter indicated that Plaintiff "consistently and professionally fulfilled all his responsibilities for teaching and service." (*Id*. at 17). In light of this letter, the Court concluded, among other things, that genuine issues of material fact existed as to whether the Regents had articulated a legitimate, non-discriminatory reason for not re-appointing Plaintiff. (*Id*. at 19).

In the present motion, the Regents argue that the Court erred by examining the record to determine whether there were disputes of fact regarding Defendants' proffered legitimate, non-discriminatory reason for terminating Plaintiff. (Doc. 58-1 at 10-11). The Regents are correct. When examining their proffered legitimate, non-discriminatory reason <u>in isolation</u>, Defendants bear only the burden of articulating some legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. The Regents' burden is one of production, not persuasion, thereby involving no credibility assessment. *See Day v. Sears Holdings Corp*., 930 F. Supp. 2d 1146, 1169 (C.D. Cal. 2013). Based on the evidence of Plaintiff's poor performance submitted by Defendants, Defendants met their burden of articulating a legitimate, non-discriminatory reason for Plaintiff's non-reappointment. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *see also Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661 (9th Cir. 2002).

*McDonnell Douglas* then places the burden on Plaintiff to demonstrate that the Regents' proffered legitimate, non-discriminatory reason is actually pretext for unlawful discrimination. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890

(9th Cir. 1994). At the pretext stage, "the *McDonnell Douglas* presumption of unlawful discrimination [created by the prima facie case] 'simply drops out of the picture.'" *Wallis*, 26 F.3d at 889 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)). Specifically, Plaintiff now has the burden of showing that "the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (citing *Burdine*, 450 U.S. at 256). This burden "merges" with Plaintiff's "ultimate burden" of persuading the trier of fact that the Regents intentionally discriminated against him. *Burdine*, 450 U.S. at 256; *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000). Because Plaintiff has provided no direct evidence of discrimination, he must offer "specific and substantial" circumstantial evidence of intentional discrimination to defeat the Regents' motion for summary judgment. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir. 1998). Thus, if Plaintiff does not provide evidence refuting the Regents' legitimate, non-discriminatory reason, the Court may grant summary judgment against Plaintiff, even if Plaintiff established a prima facie case under *McDonnell Douglas*. *See Wallis*, 26 F.3d at 890-91 ("[I]n those cases where the prima facie consists of no more than the minimum necessary to create a presumption of discrimination under *McDonnell Douglas*, plaintiff has failed to raise a triable issue of fact.").

The Regents cite the "same actor" inference in their motion for reconsideration as grounds for finding in their favor on the issue of pretext.[5] In *Bradley v. Harcourt, Brace & Co.*, the Ninth Circuit held that "where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." 104 F.3d 267, 267-71 (9th Cir. 1996). The inference is based on the principle

---

[5] In the underlying motion for summary judgment, the "same actor" inference was referenced in the context of an argument regarding Plaintiff's prima facie case. (*See* Doc. 46-1, at 16). Generally, courts consider the "same actor" inference at the pretext stage. *See, e.g.*, *Coghlan*, 413 F.3d at 1096-98; *Coleman*, 232 F.3d at 1286; *Peterson v. California, Dep't of Corr. & Rehab.*, 2012 WL 1604660, at *10 (E.D. Cal. May 7, 2012) aff'd, 542 F. App'x 553 (9th Cir. 2013); *Kobos v. Schwan's Home Serv., Inc.*, 2010 WL 3154334, at *14 (E.D. Cal. Aug. 6, 2010).

that an employer's willingness to hire an employee provides strong evidence that the employer has no bias against the protected class to which the employee belongs. *Coghlan*, 413 F.3d at 1096.  Although the same actor inference is "neither a mandatory presumption . . . nor a mere possible conclusion for the jury to draw," it is a "'strong inference' that a court must take into account on a summary judgment motion." *Id.* at 1098 (citing *Bradley*, 104 F.3d at 271).  In effect, the same actor inference amplifies the plaintiff's burden at the pretext stage. *Id.* at 1096 (plaintiff's burden was "especially steep in this case because of the [same actor inference]").  However, an employer must first establish entitlement to the same actor inference. *Hargrave v. Univ. of Washington*, __ F. Supp. 3d __, 2015 WL 4064137, at *8 (W.D. Wash. July 1, 2015) (finding inference inapplicable where it appeared that the hiring decision-makers changed over the relevant time period)).

      Here, the Regents may invoke the same actor inference.  The record indicates that Ochsner was the official who made the decision to hire Plaintiff originally, (Doc. 46-7, Declaration of Robert Ochsner ("Ochsner Decl."), ¶ 2), recommended him for reappointment on several occasions, (*id*. ¶¶ 4, 6, 11), and then was responsible for the evaluation that resulted in his non-reappointment after the budget crisis was averted (*id*. ¶ 19)).  Moreover, the period of time between the favorable and allegedly discriminatory actions by Ochsner is sufficiently short in this case—only one year elapsed between June 2010, when Ochsner most recently recommended Plaintiff for re-appointment (*id.* ¶ 12) and June 15, 2011, when Ochsner notified Plaintiff that he would not be reappointed for the upcoming academic year due to poor teaching performance (*id.* ¶ 19).  *Coleman*, 232 F.3d at 1286 (applying the same actor influence where the time span between favorable and alleged discriminatory actions was one year); *Bradley*, 104 F.3d at 270-71 (same).  Plaintiff has failed to set forth any reason why the same actor inference should not apply.  Thus, as a matter of law, there is a strong inference that there was no discriminatory action in this case. *Id.*

      To defeat the same actor inference, Plaintiff must make an "extraordinarily strong showing of discrimination." *Coghlan*, 413 F.3d at 1097.  "[T]he point of the same actor inference is that the

evidence <u>rarely is</u> 'sufficient . . . to find that the employer's asserted justification is false' when the actor who allegedly discriminated against the plaintiff had previously shown a willingness to treat the plaintiff favorably." *Id.* (emphasis in original). Examples of the "extraordinarily strong showing" of discrimination necessary to overcome the same actor inference include: referring to an age-discrimination plaintiff as an "old fart" on numerous occasions, in conjunction with other disparaging comments and circumstantial evidence that the employer favored younger employees (*Beecham v. Wyndham Vacation Resorts, Inc.*, No. 11-129 ACK-BMK, 2013 WL 6730755, at *8-11 (D. Haw. Dec. 18, 2013)), and calling a female gender-discrimination plaintiff a "premium whore" to her face and in front of other co-workers, among other comments and actions that demonstrated a bias against women (*Villareal v. Chubb & Son, Inc.*, No. SACV 11-674 DOC (RNBx), 2012 WL 3151254, at *6-8 (C.D. Cal. July 31, 2012)).

Viewing the record in light of the same actor inference, the Court finds that there is insufficient evidence of pretext. As the September 23, 2015 Order acknowledged, the Regents "submitted voluminous amounts of evidence that, if believed by the trier of fact, would tend to show that Plaintiff performed his job poorly." (Doc. 55 at 15). This evidence indicates that over the course of his three years with the MWP, Plaintiff was habitually tardy in convening his classes, repeatedly disregarded the MWP's policy that instructors attend weekly lectures, and that he failed to improve his performance in spite of numerous warnings by his superiors. (*See id.* at 2-9). Plaintiff also improperly submitted a grant proposal in violation of UCM's policy that listed Ochsner as the primary investigator, without Ochsner's knowledge or approval. (*Id.* at 5). Additionally, UCM's Academic Review Committee's independent review of Plaintiff's third-year portfolio opined that his performance was inadequate and in need of significant improvement. (*Id.* at 8). In the second amended complaint ("SAC"), Plaintiff claimed that he "performed his job responsibilities as a Lecturer in an exemplary fashion, received favorable performance reviews . . . and otherwise performed each and every condition of his employment." (Doc. 10 at 7-8). However, Plaintiff's "subjective personal judgments of [his]

competence alone do not raise a genuine issue of material fact," and cannot refute the Regents' proffered explanation for not re-appointing him. *Bradley*, 104 F.3d at 270 (citing *Schuler v. Chronicle Broadcasting Co., Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986)). The only other piece of evidence that could possibly be construed as supporting any notion of pretext is Ochsner's recommendation letter, which states that the budget was the primary reason that Plaintiff was not re-appointed, and that the "decision to terminate [Plaintiff's] employment does not reflect a negative judgment of his overall teaching or service at UCM." (Doc. 46-7, Defs' Mot., Exh. L, DEF 0450). Although this letter at least arguably undermines the Regents' claim that Plaintiff was not re-appointed because of his poor performance, the letter does not amount to an "extraordinarily strong showing" of discrimination. Unlike those cases cited above in which courts found an "extraordinarily strong showing" of discrimination, the record in this case is wholly devoid of the kinds of disparaging comments or other circumstantial evidence that individuals outside Plaintiff's protected class were treated more favorably. This conclusion is supported by the undisputed circumstances surrounding the issuance of the letter— specifically, that Ochsner wrote it at Plaintiff's behest while the reduction in force was still ongoing, before Ochsner reviewed the re-appointment evaluations, and before the decision to not re-appoint Plaintiff was made. (*See* Ochsner Decl. ¶¶ 17, 19-20). Indeed, upon reconsideration, the Court finds that the letter demonstrates that Ochsner has "shown a willingness to treat [Plaintiff] favorably," and therefore cuts against any assertion that he harbors unlawful discriminatory animus towards Plaintiff. *See Coghlan*, 413 F.3d at 1097. Plaintiff's evidence thus falls far short of the showing of "extraordinarily strong showing of discrimination" required to overcome the same actor inference. *Id.*

Because of the strong inference against discriminatory motivation cast by the same actor doctrine, and the lack of any "extraordinarily strong showing of discrimination," the Court concludes that Plaintiff has not presented the specific and substantial evidence necessary to demonstrate pretext. *See id.* Therefore, Plaintiff has failed to raise a genuine issue of material fact such that would permit his race discrimination claim to survive the Regents' motion for summary judgment. *Schechner v. KPIX-*

1  *TV*, 686 F.3d 1018, 1027 (9th Cir. 2012).  As a result, the Court GRANTS the Regents' motion for

2  reconsideration and GRANTS summary judgment on Plaintiff's Title VII race discrimination claim.

3  **A.**      **Hostile Work Environment Claim.**

4        The Regents also move for reconsideration of this Court's determination that a hostile work

5  environment claim may remain in this case.  The screening order applicable to the SAC, which was

6  adopted in full, noted that the Court previously found Plaintiff stated cognizable claims for both hostile

7  work environment and wrongful termination.  (Doc. 11 at 5; Doc. 12.)  Defendants' motion to dismiss

8  the SAC did not seek dismissal of Plaintiff's Title VII claims.  (Doc. 16 at 12).  The September 23, 2015

9  Order therefore concluded: "It appears that the Magistrate Judge's finding in the first screening order

10 that Plaintiff had satisfied the screening requirements for his Title VII claim under both hostile work

11 environment and wrongful termination remains in place."  (Doc. 55 at 10 n.4).  The Court further noted

12 that Defendants' motion for summary judgment made no mention of Plaintiff's hostile work

13 environment claim.  (*Id*. at 10 n.5).

14       On reconsideration, the Regents argue that the SAC does not contain a hostile work environment

15 allegation and that, even if it does, their summary judgment motion disposes of any such claim because

16 that motion established that Plaintiff was not mistreated at any point because of his race.  (Doc. 58-1 at

17 13).  This argument is unavailing.  First, as mentioned, previous orders of this Court indicated that the

18 SAC contained a hostile work environment claim.  (Doc. 7, at 9-10 (Magistrate Judge's screening of

19 Plaintiff's original complaint, determining that Plaintiff had satisfied the screening requirements under

20 both hostile work environment and discrimination under Title VII); Doc. 11, at 4-5 (Magistrate Judge's

21 screening order and findings and recommendations on Plaintiff's First Amended Complaint permitting

22 Plaintiff to proceed with his Title VII claim in its entirety); Doc. 12 (Order adopting Magistrate Judge's

23 screening order and findings and recommendations in full)).  Second, despite the fact that prior orders of

24 this Court retained the hostile work environment claim in this case, the motion for summary judgment

25 made <u>no</u> mention of that claim.  Therefore, the Court did not address whether Defendants were entitled

to summary judgment on any hostile work environment claim.  The Regents cannot now seek reconsideration of an argument they never made in the first place.

Although the summary judgment motion did address the factual underpinnings of several events that could form the basis of any hostile work environment claim (Doc. 46-1, at 16), the motion did so only in the context of an attack on Plaintiff's prima facie case under *McDonnell Douglas*, which does not apply to hostile work environment claims. *See Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir. 2000) (a plaintiff claiming a hostile work environment must show that the "workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of … employment and create an abusive working environment").  The standard under which the Court would evaluate a hostile work environment is markedly different from the *McDonnell Douglas* framework used for Title VII discrimination claims. *Lalau v. City & Cnty. of Honolulu*, 938 F. Supp. 2d 1000, 1012-16 (D. Haw. 2013) (finding that a plaintiff had produced enough evidence to preclude summary judgment with respect to his Title VII race discrimination claim, but that such evidence was "too sparse" to support a hostile work environment claim under Title VII).  The Court is not required to divine from the text of their summary judgment motion that the Regents intended to move for summary judgment as to any hostile work environment claim. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (district courts should not be required to "search the entire record for a genuine issue of fact" if the issue is not set forth in the moving papers); *see also Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, No. 13-15475, __ F.3d __, 2015 WL 5933315, at *8 (9th Cir. Oct. 13, 2015) (The district court was not required to puzzle through a boxful of facts, and, in line with *Carmen*, may permissibly decide a motion without mining the entire document for more substantiation.). For these reasons, the Court DENIES the Regents' motion for reconsideration with regard to its argument that their summary judgment motion addressed Plaintiff's hostile work environment claim.

It would not serve the interests of judicial economy, however, to permit this issue to proceed to trial on the present record, which does not reveal an obvious hostile work environment claim. Thus, the

Court will re-open the dispositive motion period for the limited purpose of permitting the Regents to submit a motion for summary judgment on the remaining hostile work environment claim.

### IV. CONCLUSION AND ORDERS

For the foregoing reasons, the Court GRANTS the Regents' motion for reconsideration of its prior denial of the Regents' motion for summary judgment on Plaintiff's Title VII race discrimination claim.  Accordingly, the Court VACATES the relevant portion of the September 23, 2015 order and GRANTS the Regents' motion for summary judgment on Plaintiff's Title VII race discrimination claim.

The Court DENIES the Regents' motion for reconsideration insofar as the Regents seek to dispose of Plaintiff's hostile work environment claim.  The Regents shall have thirty (30) days from electronic service of this Order to file a dispositive motion on Plaintiff's hostile work environment claim.  The deadline for Plaintiff to file any opposition to the Regents' Motion shall be governed by Local Rule 230(c).

IT IS SO ORDERED.

Dated: **November 10, 2015**              /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE